# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY D. WOMACK, 45862-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0348-G-BK** |
| | § | **(Criminal No. 3:13-CR-090-G)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, it is recommended that the motion be **DENIED**.

### I. BACKGROUND

In 2013, Petitioner pled guilty to robbery and was sentenced below the guideline range to 110 months' imprisonment and a three-year term of supervised release. Crim. Doc. 41. His conviction was summarily affirmed on direct appeal. Crim. Doc. 53. In this timely section 2255 motion, Petitioner asserts that his guilty plea and appellate waiver were involuntary, counsel rendered ineffective assistance during the guilty plea proceedings, and his right to due process was violated by the Court's application of a sentencing enhancement. Doc. 1 at 7. The government filed a response in opposition. Doc. 6. Petitioner did not file a reply. Thus, the section 2255 motion is now ripe for review.

### II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes,*

132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

In addition, to establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

## A. Voluntariness of Guilty plea and Ineffective Assistance of Counsel

In his first two claims, Petitioner makes the related arguments that: (1) his counsel failed to advise him that he "had the legal right to sign a plea agreement without a collateral attack waiver" and that by signing the plea agreement with such a provision, he could not later challenge his sentence, and (2) as a consequence of counsel's failure, Petitioner's guilty plea was not knowingly and voluntarily made. Doc. 1 at 7.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007); *see also* *Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence."). A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See* *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In the case now before the Court, the only conclusion supported by the record is that Petitioner's guilty plea was knowing and voluntary.[1] During the Rule 11 hearing, Petitioner

---

[1] On direct appeal, the appellate court explicitly upheld the validity of Petitioner's appeal waiver, finding "[t]he plea agreement and defendant's assurance to the court displays no confusion and established his knowledge of his rights and that he fully understood his waiver." Crim. Doc. 53

confirmed under oath that no one had coerced or threatened him in any way to enter his guilty plea, that no one had made any promises to cause him to enter into the plea agreement, and that he was pleading guilty freely and voluntarily. Crim. Doc. 48 at 10. He affirmed he understood the full range of punishment set out in paragraph three of the plea agreement – namely that he was subjected to a maximum sentence of 25 years – and that he had discussed the sentencing guidelines with counsel and had "some understanding . . . how the Guidelines will work in [his] case." Crim. Doc. 48 at 6; Crim. Doc. 18 at 2. Petitioner also confirmed that he understood only the Court would determine and assess the sentence after considering the Presentence Report (PSR) and consulting the Sentencing Guidelines, and that he would be bound by his plea even if the sentence was higher than expected. Crim. Doc. 48 at 6-7.

Conveniently, Petitioner contends now that defense counsel advised him to answer "yes" and "no" during the rearraignment hearing and not to ask any questions. Doc. 1 at 7. However, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

In addition, a defendant must overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). In this case, Petitioner signed both the factual resume and plea agreement. *See id.* (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when

at 1-2. Thus, that issue will not be revisited here. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (grounds that have been raised and disposed of on direct appeal are not considered in a section 2255 motion). Moreover, the sentencing challenge Petitioner claims he was prevented from mounting, was actually raised by counsel as an objection to the presentence report and found to lack merit, *see infra* (discussion of Claim 3). Crim. Doc. 50 at 3-6, 10-11.

determining whether plea is entered voluntarily and knowingly).  During the rearraignment hearing, Petitioner affirmed that he had carefully reviewed and discussed the plea agreement, including the appellate waiver, with defense counsel.  Crim. Doc. 48 at 5-6.  He averred that he understood and acquiesced in the appeal waiver, which waived both his right of appeal and of post-conviction relief, except in very limited circumstances; further, he specifically acknowledged his right to appeal his sentence, his waiver of his right to appeal, and the consequences of doing so.  Crim. Doc. 48 at 5-6; *United States v. Higgins*, 739 F.3d 733, 736-737 (5th Cir. 2014) (holding that the petitioner was bound by the obligations of his plea agreement because he knowingly and voluntarily waived his right to appeal).

Petitioner further advised the Court that he had reviewed the factual resume and understood it, and that the facts contained therein were true and correct.  Crim. Doc. 48 at 8-9.  Finally, while Petitioner had about five months between the entry of his guilty plea and sentencing, he never advised the Court that his guilty plea and appeal waiver were involuntary and coerced by counsel's mistaken advice, and/or that he was dissatisfied with defense counsel's conduct.  Crim. Doc. 50.

Petitioner's claim that defense counsel "failed to correctly inform" him that he "had a legal right to sign a plea bargain not waiving rights to later challenge my sentence" also lacks support.  Doc. 1 at 7.  As the Court reiterated during the plea hearing, the appeal waiver provision was part of the plea agreement with the Government.  Crim. Doc. 48 at 5-6.

> THE COURT: On the bottom of page 4 of the plea agreement, paragraph 10, and it goes over to the top of page 5, and this is a waiver of the right of appeal provision. Mr. Martinez read that a few minutes ago. But as part of your plea agreement with the Government, you are giving up your right of appeal to a large extent in this case. You have retained your right of appeal or are keeping your right of appeal on those four grounds which are explained there at the very bottom of page 4 and top of page 5, and other than that you are giving up your right of appeal in this case. And you understand this is part of your agreement with the

Government?

        THE DEFENDANT: Yes, sir.

Crim. Doc. 48 at 5-6.

        While it was possible for Petitioner to plead guilty to the single-count indictment without a plea agreement and retain his appellate rights, he would not have received that same benefit as under the Plea Agreement and Plea Agreement Supplement. Notably, as a result of the plea bargain agreement and the opportunity to cooperate with the government, the government recommended, and the Court granted, a 5K1.1 downward departure for substantial assistance, which ultimately lowered his guideline imprisonment range two levels -- from 130 to162 months to 110 to 137 months. Crim. Doc. 16, *Plea Agreement Supplement*; Crim. Doc. 50 at 14-17, *Sentencing Tr.* The government also agreed not to pursue any additional charges against Petitioner. Crim. Doc. 16. In light of the benefit Petitioner received in exchange for entering into the Plea Agreement with the waiver his appellate right and the right to collaterally attack his conviction and judgment, his protestations now appear suspiciously convenient.

        Additionally, Petitioner's self-serving, unsupported assertions that counsel erroneously advised him about his plea options are contradicted by his attestations in the Plea Agreement. By his signature on that document, Petitioner affirmed he

> has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Womack has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Womack has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

Crim. Doc. 18 at 5. At rearraignment, defense counsel also confirmed that he had discussed the plea agreement, and specifically the appeal waiver, with Petitioner and assured the Court that he

was satisfied Petitioner understood the waiver.  Crim. Doc. 48 at 4-5.

Nevertheless, even assuming counsel's deficient performance, Petitioner has wholly failed to demonstrate prejudice – namely that he would not have pleaded guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 59.  He has offered no proof other than his belated assertions here that he even considered doing anything other than entering a knowing and voluntary plea.  In the light of his solemn assurances of his understanding of the guilty plea process, the appeal waiver, and consequences of his plea at the Rule 11 hearing, versus the hindsight of a fate certain after sentencing, Petitioner's complaints of counsel's performance, with nothing more, fall woefully short of the legal burden he must bear here.

Based on review of the record, the Court concludes that Petitioner's guilty plea was knowing and voluntary.  Moreover, Petitioner's contentions that counsel rendered ineffective assistance during the guilty plea proceedings are also clearly refuted by the record.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)) (conclusory claims of ineffective assistance of counsel do not raise constitutional issue in habeas proceeding).  Petitioner has completely failed to establish that counsel's performance during the guilty plea proceeding was deficient or that it prejudiced him.  Accordingly, his first and second claims fail.

### B.  Challenge to Sentencing Enhancement – Claim 3

Lastly, Petitioner asserts his right to due process was violated when the Court applied a four-level abduction enhancement under UNITED STATES SENTENCING GUIDELINES MANUAL § 2B3.1(b)(4)(A).  Doc. 1 at 7.  In essence, Petitioner seeks to challenge the sentencing judge's application of the Sentencing Guidelines, which was fully argued and addressed at sentencing.

Crim. Doc. 50 at 11-13.[2]  However, such a claim is not cognizable on section 2255 review.  *See*

*United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing

guidelines does not give rise to a constitutional issue cognizable under section 2255).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

**SIGNED** June 16, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Defense counsel not only lodged an objection to the four-level abduction enhancement in Presentence Report, but also presented detailed arguments and a video in support of the objection at sentencing.  Crim. Doc. 50 at 3-6, 10-11.